UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

"IN ADMIRALTY"

| | |
|---|---|
| MARTIN ENERGY SERVICES LLC<br><br>VERSUS<br><br>M/V KIM M. BOUCHARD, bearing Official No. 1257372, her tackle, furniture, apparel, appurtenances, etc., *in rem*, and BOUCHARD TRANSPORTATION CO., INC., *in personam* | CIVIL ACTION NO. _____<br><br>IN ADMIRALTY,<br>F.R.C.P. 9(h) AND RULE C |

## VERIFIED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes complainant, Martin Energy Services LLC, and for its Verified Complaint against the M/V KIM M. BOUCHARD, bearing Official No. 1257372, her tackle, furniture, apparel, appurtenances, etc., *in rem* ("the Vessel"), and Bouchard Transportation Co., Inc., *in personam*, stating an admiralty and maritime claim within this Honorable Court's admiralty and maritime jurisdiction in accordance with Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, with respect, alleges upon information and belief as follows:

### JURISDICTION AND PARTIES

I.

Jurisdiction is proper in accordance with 28 U.S.C. §1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. Venue is also proper in this district in accordance with 28 U.S.C. §1391(b)(2) and (d) and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

II.

At all material times, plaintiff, Martin Energy Services LLC (hereinafter referred to as "Martin Energy") was and now is a limited liability company organized under the laws of the State of Alabama with its principal place of business in Texas, and is doing business within the jurisdiction of this Honorable Court.

III.

At all material times, defendant, the Vessel, M/V KIM M. BOUCHARD, bearing Official No. 1257372, was and still is an articulated pusher tug. The *in rem* defendant vessel is now or will during the pendency of this lawsuit be, upon the navigable waters of Florida, within this district and within the jurisdiction of this Honorable Court.

IV.

Upon information and belief, defendant, Bouchard Transportation Co., Inc. (hereinafter referred to as "Bouchard") was and now is a Delaware corporation with its principal place of business in New York, and is doing business within the jurisdiction of this Honorable Court and, at all material times, was and is the registered owner of the Vessel.

**FACTS AND CLAIMS**

V.

Bouchard engaged Martin Energy for the provision of certain necessaries provided to the Vessel on September 2 and October 8, 2019, including delivery of diesel fuel, water, and other necessaries, and disposal of waste, all of which services were essential to and necessary for the operation of the Vessel and accomplishment of its mission. (*See* Invoice Nos. 609910 and 629610 for services rendered and associated tickets attached hereto as Exhibit "A").

VI.

The cost of such necessary services amounted to $114,455.00. (Exhibit "A").

VII.

Pursuant to Martin Energy's General Terms and Conditions, as incorporated and referenced in the invoice for these services and the terms of the invoice itself (Exhibit "A"), Bouchard was required to remit payment on the invoices "within thirty (30) days of the date of the invoice." (*See* "General Terms and Conditions" attached hereto as Exhibit "B").

VIII.

The General Terms and Conditions also provide that Martin Energy can "impose a late payment charge at the rate equal to or lesser of 1.5% per month (which is an annual percentage rate of 18%) or the maximum rate permitted by applicable law." (Exhibit "B," ¶ 1). The agreement provides that Bouchard shall also "be liable for all costs and expenses incurred in connection with the collection of [Bouchard's] account(s), including court costs, collection agency fees and reasonable attorney's fees." (*Id.*).

IX.

Despite demand, Bouchard failed to remit payment in the amounts owed pursuant to the Invoice for the materials and services provided to the Vessel by Martin Energy. (Exhibit "A"). Accordingly, under the General Terms and Conditions, Martin Energy is entitled to all costs and expenses, including reasonable attorney's fees, for the prosecution of this lawsuit.

X.

Despite numerous amicable demands and upon notice of monies owed by Bouchard and/or the Vessel and requests for payment of the aforementioned charges, the debt has not been paid. Bouchard is justly indebted to Martin Energy for the damages as aforesaid and as to be shown more particularly at trial.

XI.

Martin Energy is also entitled to a maritime lien against the Vessel, and is legally entitled to seize said Vessel pursuant to its rights under the general maritime law and admiralty laws of the United States and have it sold to satisfy any judgment which might be rendered in this matter. Martin Energy provided goods and services for the Vessel on the order of the owner or a person authorized by the owner, which services and personnel constitute necessaries under the Federal Maritime Lien Act, 46 U.S.C. §31342 as defined in 46 U.S.C. §31301. Alternatively, Martin Energy is entitled to a maritime lien against the Vessel as a result of the breach of the General Terms and Conditions, a maritime contract.

XII.

Martin Energy further requests that all expenses incurred in the safekeeping of the Vessel be declared to be *custodia legis* expenses, including but not limited to all expenses associated with docking the Vessel and maintaining the state of the Vessel following arrest, and that such expenses be paid prior to the release of the Vessel or distribution of proceeds of its sale.

XIII.

Martin Energy reserves the right to amend any article of this Verified Complaint as facts become better known.

XIV.

In accordance with applicable Local Admiralty Rules, Martin Energy agrees to hold harmless and indemnify the U.S. Marshal and all of its deputies for any and all liabilities as a result of seizing the aforesaid property.

**WHEREFORE**, complainant, Martin Energy prays:

1. For judgment *in personam* against defendant, Bouchard with interest at the contractually-agreed rate and/or pre-judgment interest, expenses, attorney's fees and costs;

2. For process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure be issued by the Court against the M/V KIM M. BOUCHARD, bearing Official No. 1257372, her tackle, furniture, apparel, appurtenances, etc., and that all persons having a claim and interest therein be cited to appear herein and answer, under oath, all and singular matters aforesaid, and that the M/V KIM M. BOUCHARD be seized, condemned and sold to satisfy all amounts owed to Martin Energy, as set forth herein;

3. For Judgment *in rem*, against the M/V KIM M. BOUCHARD in the full amount due as set forth herein, including pre-judgment interest, costs, seizure expenses and all attorney's fees;

4. That any property arrested in this proceeding be sold under the direction of this Court and that the proceeds of the sale be brought into the Court to satisfy all monies owed to Martin Energy as set forth herein;

5. That defendants be cited to appear and answer the matters aforesaid; and

6. That this Honorable Court grant plaintiff such other and further relief which it may deem just and proper.

        Respectfully submitted,

        */s/ Jerrod M. Maddox*
        Jerrod M. Maddox (Fla. Bar No. 117820)
        Jones Walker LLP
        Miami Center, Suite 2600
        201 S. Biscayne Blvd.
        Miami, FL 33131-4341
        305-679-5700
        305-679-5710 (fax)
        Email: jmaddox@joneswalker.com

        AND

        */s/ Grady S. Hurley*
        GRADY S. HURLEY (La. Bar #13913)
        JEANNE L. AMY (La. Bar #37012)
        Jones Walker LLP
        201 St. Charles Avenue - 48th Floor
        New Orleans, Louisiana 70170-5100
        Telephone:  (504) 582-8224
        Facsimile:  (504) 589-8224
        Email: ghurley@joneswalker.com
               jamy@joneswalker.com

        *Counsel for Martin Energy Services LLC*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MARTIN ENERGY SERVICES LLC<br><br>VERSUS<br><br>M/V KIM M. BOUCHARD, bearing Official No. 1257372, her tackle, furniture, apparel, appurtenances, etc., *in rem*, and BOUCHARD TRANSPORTATION CO., INC., *in personam* | CIVIL ACTION NO. _____<br><br>IN ADMIRALTY,<br>F.R.C.P. 9(h) AND RULE C |

**VERIFICATION**

**STATE OF TEXAS**

**COUNTY OF HARRIS**

BEFORE ME, the undersigned authority, personally came and appeared:

**TERRY DAMON KING**

who, after being duly sworn, did depose and say that:

I.

He is the Senior Vice President and Chief Operating Officer of Martin Energy Services LLC, which is the plaintiff in the above-captioned matter;

II.

He read the foregoing Verified Complaint, and it is true and correct to the best of his knowledge, information and belief;

III.

The sources of his said knowledge, information and belief are his position of Senior Vice President, his personal knowledge arising from the course and scope of his employment and his review of certain business records, which are ordinarily kept and readily accessible to him.

{N3925376.1}

IV.

He is authorized to make this Verification on behalf of Martin Energy Services LLC.

_____
TERRY DAMON KING

SWORN TO AND SUBSCRIBED

BEFORE ME, NOTARY,

THIS 27th DAY OF NOVEMBER, 2019.

_____
NOTARY PUBLIC

Jessica Silva
My Commission Expires
07/19/2022
ID No. 131648835

{N3925376.1}

2